**Federal Defenders**
OF NEW YORK, INC.

Southern District
81 Main Street, Suite 300
White Plains, NY 10601-4150
Tel: (914) 428-7124  Fax: (914) 948-5109

---

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

February 7, 2024

<u>VIA EMAIL AND ECF</u>

The Honorable Vincent Briccetti
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

       Re: *United States v. Daniel Tibaduiza-Olarte*, 17-cr-294 (VB)

Dear Honorable Judge Briccetti:

      I write to request the Court reduce Mr. Tibaduiza-Olarte's sentence pursuant to 18 U.S.C. § 3582(c)(2). Under Amendment 821 to the Sentencing Guidelines that went into effect on February 1, 2024, Mr. Tibaduiza-Olarte is eligible to have his sentence reduced from 108 months' imprisonment to 87 months' imprisonment, the bottom of the newly reduced range. *See* Supplemental Presentence Report, ECF No. 42, at 3 (Jan. 31, 2024). I have contacted the government through Assistant United States Attorney Kevin Sullivan and the government is still contemplating its position regarding this request. For the reasons set forth below, such a modest reduction is warranted here.

    **A. The Amended Guidelines**

      Amendment 821 to the Guidelines made "targeted changes" to reduce recommended guideline ranges for offenders with zero criminal history points under the Guidelines. *See* Supplement to Appendix C, Amendment 821, Reason for Amendment. The Amendment created a new Chapter Four guideline at § 4C1.1 ("Adjustment for Certain Zero-Point Offenders"), which provides for a decrease of two offense levels for defendants who did not receive any criminal history points under Chapter Four, Part A, and whose instant offense did not involve specified aggravating factors. *See* U.S.S.G. § 4C1.1(a); Supplement to Appendix C, Amendment 821, Reason for Amendment.

      The Commission explained its reasoning as follows:

> In establishing new §4C1.1, the Commission was informed
> by its studies of recidivism among federal offenders, as well

>       as other extensive data analyses of offenders with no
>       criminal history points, and public comment. . . . Recidivism
>       data analyzed by the Commission shows . . . that offenders
>       with zero criminal history points have considerably lower
>       recidivism rates than other offenders, including offenders
>       with one criminal history point. Among other findings, the
>       report concluded that "zero-point offenders" were less likely
>       to be rearrested than "one point" offenders (26.8% compared
>       to 42.3%), the largest variation of any comparison of
>       offenders within the same Criminal History Category.

*Id.*

The Commission also determined that Amendment 821 should have retroactive effect, as its findings "applied with equal force to individuals who are already sentenced": "The purpose of these targeted amendments is to balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that reflect the statutory purposes of sentencing and to reflect 'advancement in knowledge of human behavior as it relates to the criminal justice process.'" *Id.*, Amendment 825, Reason for Amendment (quoting 28 U.S.C. § 991(b)).

To determine the extent of a retroactive sentencing reduction under § 3582(c)(2) for an eligible defendant, a court must consider: (1) the factors set forth in 18 U.S.C. § 3553(a); (2) public safety; that is, "the nature and seriousness of the danger to any person or the community that may be posed by the reduction,"; and (3) defendant's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, App. Note 1(B). A defendant's sentence can be reduced to the minimum of the new, amended Guideline range. *See id.* § 1B1.10(b)(2)(A).

### B.   Mr. Tibaduiza-Olarte is Eligible for a Sentence Reduction

The Court originally sentenced Mr. Tibaduiza-Olarte on September 19, 2017, to 108 months in prison. At the time, the advisory guidelines range was 108 to 135 months' imprisonment, based on an offense level of 31, and a criminal history category of I. *See* Supplemental PSR, at 3.

Under the new Guidelines, however, Mr. Tibaduiza-Olarte's total offense level is reduced from 31 to 29. *See id.* At offense level 29 and criminal history category I, the amended range is 87 to 108 months' imprisonment. *Id.* The Probation Department has correctly concluded that Mr. Tibaduiza-Olarte is eligible for a sentencing reduction. *See id.*

### C.   The § 1B.10 Factors and the § 3553(a) Factors Strongly Support Reducing Mr. Tibaduiza-Olarte Sentence from 108 Months to 87 Months Imprisonment

Daniel Tibaduiza-Olarte was 34 at the time of his original sentencing. He had been in custody for nearly 7 years since his arrest in this matter on March 3, 2017. He is now 41 years

old and has been an exemplary inmate during the time that he has been incarcerated. This case is his first and only criminal conviction.

Throughout his time in custody, Mr. Tibaduiza-Olarte has worked steadily, taken classes, and has had no disciplinary infractions whatsoever. *See* Supplemental PSR at 4. At each facility where Mr. Tibaduiza-Olarte has been housed, he has been a model inmate. He is also in a low security classification. He assists with weekly church services, has been working in the kitchen at his currently facility since November 2022, and has taken courses to assist in his rehabilitation, despite the limitations placed on programming during the COVID-19 pandemic. These classes include over 200 hours learning English as a second language, food safety courses, money management classes, and job training courses, such as carpentry. *Id.* Despite all the programming he has done, he is ineligible for earned time credits through the BOP under the First Step Act to reduce his sentence because he is subject to a final order of removal. *See* 18 U.S.C. § 3632(d)(4)(E)(i).

Mr. Tibaduiza-Olarte's background and characteristics, and his conduct while incarcerated illustrate the reasons Amendment 821 was enacted and made retroactive. The risk of recidivism here is negligible, and the Court can expect that he will continue his exemplary behavior as he completes his sentence and returns to Columbia. The most egregious aspect of the underlying conduct was the amount and type of narcotics involved. However, a sentence of 87 months for someone who has no criminal history is a sufficient, but not greater than necessary sentence. Here, a reduction in sentence to 87 months' imprisonment will be more than sufficient to satisfy all the purposes of sentencing, particularly as it is the low end of the amended guideline range. *See* 18 U.S.S.C. § 3553(a). Moreover, there is nothing about Mr. Tibaduiza-Olarte or his offense to suggest that a reduction in sentence would pose a risk to public safety, and as described above, and he is subject to a final order of deportation.

In sum, Mr. Tibaduiza-Olarte's background and characteristics, and his conduct while incarcerated strongly support a reduction in sentence from 108 months to 87 months imprisonment, the low-end of the amended guidelines-range.

Sincerely,

Elizabeth K. Quinn
Assistant Federal Defender
Counsel for Daniel Tibaduiza-Olarte

cc: Kevin Sullivan, AUSA